IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGINALD A. KANE,**

                      **Petitioner,**

      v.                                                **CASE NO. 25-3214-JWL**

**TOMMY WILLIAMS,**

                      **Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Reginald A. Kane, who has moved for leave to proceed in forma pauperis in this matter. (Docs. 2 and 4.) The Court has considered the financial information submitted with the motions for leave to proceed in forma pauperis and concludes that Petitioner appears capable of paying the $5.00 filing fee in this matter. The Court therefore denies the motions and grants Petitioner to and including December 1, 2025 in which to submit payment of the $5.00 filing fee. If Petitioner fails to pay the filing fee on or before the deadline, this matter may be dismissed without prejudice and without further prior notice to Petitioner.

In the interest of efficiency, the Court also has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court and will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed.

### Background

In June 2018, a jury in Sedgwick County, Kansas convicted Petitioner of attempted first-degree murder, aggravated battery, kidnapping, aggravated assault, aggravated burglary,

aggravated robbery, and criminal possession of a firearm. (Doc. 1, p. 1-2.) The state district court sentenced him to 753 months in prison. *Id.* at 1. Petitioner pursued a direct appeal, but the Kansas Court of Appeals ("KCOA") affirmed his convictions and sentences. *Id.* at 2; *see also State v. Kane*, 57 Kan. App. 2d 522 (2019) (*Kane I*), *rev. denied* Aug. 31, 2020. Petitioner filed a petition for review by the Kansas Supreme Court ("KSC"), which was denied on August 31, 2020. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On March 5, 2021, Petitioner filed a motion in Sedgwick County District Court seeking habeas relief under K.S.A. 60-1507. *Id.* The district court denied the motion without an evidentiary hearing. *Id.*; *see also Kane v. State*, 2023 WL 8294936 (Kan. Ct. App. Dec. 1, 2023) (unpublished) (*Kane II*), *rev. denied* Aug. 23, 2024. Petitioner appealed, but in an order issued December 1, 2023, the KCOA affirmed the denial. *See Kane II*, 2023 WL 8294936, at *1. The KSC denied Petitioner's petition for review on August 23, 2024.

On October 6, 2025, this Court received from Petitioner the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) The final page of the petition includes a declaration by Petitioner, made under penalty of perjury, that he placed his petition in the prison mailing system on August 23, 2025. *Id.* at 22.

## Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106,

2

1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the current petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC denied review in Petitioner's direct appeal on August 31, 2020. Petitioner did not file a petition for certiorari. The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). During the COVID-19 pandemic, the United States Supreme Court adjusted the deadlines for filing a petition for writ of certiorari, meaning that Petitioner had 150 days to file his petition for writ of certiorari instead of the traditional 90 days. *See* Sup. Ct. Misc. Orders dated Mar. 19, 2020 and July 19, 2021.

Under this timeline, the last day on which Petitioner could have filed a petition for writ of certiorari was January 28, 2021. Thus, on January 29, 2021, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was January 29, 2022. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Because January 29, 2022 was a Saturday, Petitioner had until the end of Monday, January 31, 2022 to file a timely § 2254 petition in this Court. *See* Fed. R. Civ. P. 6(a)(1); *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. 2011) (unpublished) (applying Rule 6). Petitioner did not file his § 2254 petition until September 2025. (Doc. 1.)

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 60-1507 motion on March 5, 2021. (*See* Doc. 1, p. 3.) The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year

4

anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's first K.S.A. 60-1507 motion issued on August 23, 2024, when the KSC denied the petition for review in the related appeal. Thus, Petitioner's K.S.A. 60-1507 motion was pending for approximately 1,268 days. When those days are added to the original one-year anniversary date of January 31, 2022, it gives the new filing deadline for this matter: July 22, 2025. Even taking as true the date on which Petitioner declares he placed his federal habeas petition in the prison mailing system, Petitioner did not file this federal habeas case until August 23, 2025—just over a month past the deadline. Thus, it appears that this petition is untimely and must be dismissed as time-barred.[1]

**Equitable Tolling**

The federal habeas one-year limitation period, however, is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

---

[1] The form required for filing a petition in this Court for federal habeas relief under 28 U.S.C. § 2254 provides space in which a petitioner must explain why the statute of limitations does not bar a petition challenging a judgment of conviction that became final more than one year prior. (Doc. 1, p. 21.) Petitioner has left this space blank. *Id.*

Nothing in the petition now before the Court alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

Additionally, an exception to the one-year time limitation exists where a petitioner adequately asserts his or her actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In order to pass through the actual innocence gateway, Petitioner must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

To be clear, Petitioner is not required to conclusively exonerate himself in order to pass through the actual innocence gateway. But he must present the Court with new, reliable evidence—meaning reliable evidence that was not presented at his trial—and he must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about Petitioner's guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998)). Thus, arguments regarding legal insufficiencies will not open the actual innocence gateway.

The actual innocence gateway will open only if Petitioner presents to this Court reliable evidence that was not presented at trial and which, when considered with all of the other relevant evidence makes it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt of the crimes of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

### Conclusion

In summary, this matter does not appear to have been timely filed and Petitioner has not shown entitlement to equitable tolling, nor has he shown that he should be allowed to pass through the actual innocence gateway and avoid the federal habeas statute of limitations. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if his response does not show entitlement to additional statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to him.

**IT IS THEREFORE ORDERED THAT** the motions for leave to proceed in forma pauperis (Docs. 2 and 4) are **denied**. Petitioner is granted until and including December 1, 2025 in

7

which to pay the $5.00 filing fee.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **December 1, 2025**, in which to show cause, in a single written response to this order, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed as untimely without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 27th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
