IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGINALD A. KANE,**

                          **Petitioner,**

      v.                                                                        CASE NO. 25-3214-JWL

**TOMMY WILLIAMS,**

                          **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Reginald A. Kane. Petitioner sought leave to proceed in forma pauperis (Docs. 2 and 4). On October 27, 2025, the Court issued a memorandum and order to show cause ("MOSC"), that denied Petitioner's motions for leave to proceed in forma pauperis and granted him to and including December 1, 2025 in which to submit payment of the $5.00 filing fee. (Doc. 5, p. 1.) The MOSC expressly cautioned Petitioner that if he "fails to pay the filing fee on or before the deadline, this matter may be dismissed without prejudice and without further prior notice to Petitioner." *Id.* at 1.

The MOSC also discussed the Court's initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After setting out the procedural history that led to this case and the standards under which timeliness is calculated, the Court analyzed whether the petition was timely filed. *Id.* at 1-5. The MOSC explained, in relevant part, that the judgment being challenged in this case became final on January 28, 2021 and the one-year federal habeas statute of limitations began to run the next day. *Id.* at 3-4. It was statutorily tolled on March 5, 2021, when Petitioner filed his K.S.A. 60-1507 motion in the state district court,

and it resumed running approximately 1,268 days later, when the Kansas Supreme Court denied the petition for review in the appeal from the denial of the K.S.A. 60-1507 motion. *Id.* at 4-5. After accounting for this statutory tolling, the Court concluded in the MOSC that the federal habeas statute of limitations expired at the end of July 22, 2025. *Id.* at 5. Because Petitioner did not file his federal habeas petition until August 23, 2025, it was untimely and was subject to dismissal. *Id.*

The MOSC then explained the doctrine of equitable tolling of the federal habeas statute of limitations and the circumstances under which a petitioner may be excused from complying with the statute of limitations. *Id.* at 5. The Court concluded, however, that Petitioner had not alleged circumstances that warranted equitable tolling here. *Id.* at 6. In addition, the MOSC explained the actual innocence exception to the statute of limitations. *Id.* at 6-7. The Court granted Petitioner time to show cause in writing, on or before October 20, 2025, why this matter should not be dismissed as time-barred. *Id.* at 7. This matter comes now before the Court on Petitioner's response to the MOSC. (Doc. 6.)

In his one-page response, Petitioner does not dispute the timeliness analysis in the MOSC, nor does he argue for application of the actual innocence exception to the statute of limitations. *Id.* Rather, he focuses his argument on equitable tolling. As explained in the MOSC:

> The federal habeas one-year limitation period . . . is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

(Doc. 5, p. 5.) The MOSC concluded that in order to show entitlement to equitable tolling,

Petitioner needed to "show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations." *Id.* at 6.

Petitioner's response generally asserts that he "[d]iligently pursued these claims" and experienced "[e]xceptional circumstances outside of [his] control." (Doc. 6, p. 1.) More specifically, he states that although the Kansas Supreme Court denied review in his direct appeal on August 31, 2020, his counsel failed to notify him that review had been denied "until well after" this date, "possibly because of [COVID-19]." *Id.* Petitioner states that once he was notified, he "[i]mmediately began to prepare" a K.S.A. 60-1507 motion. *Id.* He also "instructed counsel to file a petition [for writ of certiorari] in the U[nited] S[tates] Supreme Court on [his] behalf," and counsel did not advise Petitioner that no petition for writ of certiorari had been filed. *Id.* Finally, Petitioner asserts: "Despite no access to law library due to [COVID-19] and counsel's failure to communicate, I still filed my 1507 as soon as reasonably possible." *Id.* Based on these reasons, Petitioner asks this Court to "equitably toll the time between Jan[uary] 28th, 2021 and Mar[ch] 5, 2021." *Id.*

Even liberally construing Petitioner's pro se response and taking all factual allegations in the response as true, Petitioner has not shown entitlement to equitable tolling, which "is a rare remedy to be applied in unusual circumstances" and "is to be applied sparingly." *See Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (internal quotation marks and citation omitted). Petitioner's attorney failing to promptly notify him when the Kansas Supreme Court denied review in his direct appeal and failing to file a petition for writ of certiorari are not extraordinary circumstances that justify equitable tolling. The Court notes that Petitioner has not indicated with

any specificity when counsel informed him that the Kansas Supreme Court had denied review in his direct appeal. Professional misconduct or "egregious behavior" by an attorney may constitute an extraordinary circumstance that warrants equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651 (2010). But "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

    Similarly, the Tenth Circuit has rejected the argument that limited access to a library, even as result of the COVID-19 pandemic, is independently sufficient to warrant equitable tolling of the federal habeas statute of limitations. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting general assertion of lack of access to prison law library as insufficient to justify equitable tolling); *Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) (unpublished) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19."). Finally, Petitioner's broad allegations that he began to prepare his K.S.A. 60-1507 motion as soon as he learned that the Kansas Supreme Court denied review in his direct appeal and that he filed his K.S.A. 60-1507 motion "as soon as reasonably possible" are conclusory. They fail to provide the level of detail that is required to support equitable tolling. *See Levering v. Dowling*, 721 Fed. Appx 783, 788 (10th Cir. 2018) (unpublished) (holding that claim of "spending time in the prison law library to conduct research" was insufficient to show diligent pursuit of claims).

    In short, Petitioner has failed to demonstrate that he diligently pursued the claims he now raises in his federal habeas petition but was prevented from timely filing the petition by extraordinary circumstances beyond his control. Thus, he is not entitled to equitable tolling of the federal habeas statute of limitations. This matter must be dismissed with prejudice as time-barred. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with

prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge